UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **FIRST ASSEMBLY OF GOD CHURCH INC OF LEESVILLE L** | **CASE NO. 2:21-CV-00378** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO S I** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Church Mutual's Motion for Partial Summary Judgment on Hurricane Delta Claims" (Doc. 48). Church Mutual moves to dismiss any claim for Hurricane Delta, and thus seeks an Order from the Court that First Assembly of God Church Inc. of Leesville ("First Assembly") does not have a claim for two policy limits.

## FACTUAL STATEMENT

The instant lawsuit involves Plaintiff, First Assembly's claims for damage because of Hurricanes Laura and Delta.[1] First Assembly is seeking additional insurance proceeds and extra-contractual damages as a result of both hurricanes.[2] Plaintiff alleges that its property sustained "additional and worsening damage and water intrusion resulting from Hurricane Delta."

First Assembly's 30(b)(6) representative testified in his deposition that he saw (1) new debris around the property, (2) additional water intrusion from Hurricane Delta, (3) additional issues with ceiling tiles as a result of the water intrusion, which created a large

---
[1] Amended Complaint, ¶ 41.
[2] *Id.*

"bubble" from the standing water, and (4) identified a portion of the school building's siding had been pulled off by Delta.[3]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

---

[3] Defendant's exhibit 2, Doc. 48-3, Jack Osteen deposition, pp. 72-77 and 141-143.

133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

CM moves to dismiss any claim made by Plaintiff for damages resulting from Hurricane Delta and to therefore prohibit Plaintiff from recovering two policy limits. CM contends that there is no evidence in this matter which establishes that Hurricane Delta caused damage to the insured facility that was not an exacerbation of damages from Hurricane Laura or that repairs were performed to the insured facility prior to Hurricane Delta. CM remarks that allowing First Assembly to recover two policy limits under such scenario would be prohibited double recovery under Louisiana law and would amount to Church Mutual being assessed punitive damages not allowed under the law.

The policy language expressly excludes damage to the interior of the building caused by rain unless the building first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain entered.[4] As such, First Assembly must present evidence that a covered loss, i.e. winds from Hurricane Delta, caused the loss, and/or that repairs were made pre-Hurricane Delta, and the facility was subsequently damaged as defined in the Policy to establish an occurrence.

---

[4] Policy, Section C, Limitations, Doc. 12-2.

CM relies on the Complaint itself, and notes that it does not articulate the specific type of Delta damage being claimed that was different than the alleged damages from Hurricane Laura. CM complains that the Church's experts/consultants could not determine what damage was related to Hurricane Delta, and further complains that Randall Thompson, hired by the Church to evaluate the loss and provide an estimate, could not support his opinion that Hurricane Laura caused 60% of the loss and Hurricane Delta caused 40% of the loss.

CM asserts that the Umpire, Cade Cole, determined in his Umpire Award that all alleged damages were attributable to Hurricane Laura.[5]  In his deposition, Mr. Cole testified that he "did not see any clear evidence of division or separation that would support utilizing the two claims," and agreed that "there was no way that anybody presented anything to me that logically segregated [Laura from Delta]."[6] CM also relies on the Church's engineer, Richard Nelson's deposition testimony that he did not recall anyone stating that there was additional wind damage from Delta.[7]

To create a genuine issue of material fact for trial, First Assembly relies on the deposition testimony of Pastor Osteen. Pastor Osteen was the first person to inspect the Church after Hurricane Delta. After Hurricane Delta, he testified that he found new debris on the property, more water intrusion, fallen tiles, the roof leaking, and siding that came off the school building.[8]

---

[5] Defendant's exhibit 6, Umpire Award..
[6] Defendant's exhibit 1 attached to Reply, p. 24, Doc. 53-1.
[7] Defendant's exhibit 7, Richard Nelson deposition, p. 47.
[8] Defendant's exhibit 1, Jack Osteen deposition. Doc. 48-3.

Plaintiff's expert, Randall M. Thompson, testified that "Delta was a separate occurrence, and anything that was damaged by Laura would have been exacerbated by Delta."[9] He further testified that he did not "recall specifically" what damage was caused by Hurricane Delta's wind.[10] Mr. Thompson submitted the opinions of Engineer, Blake Belaire, to support his allocation of damages between Hurricanes.[11] However, CM complains that Mr. Belaire based his opinions on the opinions of Mr. Thompson.[12]

"Louisiana law does not allow for double recovery of the same element of damages," which is in the nature of a punitive or exemplary award. *Albert v. Farm Bureau Ins. Co.*, 940 So.2d 620, 622 (La. 2006). The policy covers only one dwelling and the limits under Coverage A represent the replacement cost for that dwelling, as agreed to by plaintiffs when they purchased the policy. The court agrees that recovery under separate policy limits would be justified in the event that plaintiffs had begun repairs following one occurrence and then suffered additional damage in the second.

> The Court also addressed this argument in *Touchet* and *Schumacher*:
>
> As it relates to Coverage A, the court disagrees. "Louisiana law does not allow for double recovery of the same element of damages," which is in the nature of a punitive or exemplary award. *Albert v. Farm Bureau Ins. Co.*, 940 So.2d 620, 622 (La. 2006). The policy covers only one dwelling and the limits under Coverage A represent the replacement cost for that dwelling, as agreed to by plaintiffs when they purchased the policy. The court allows that recovery under separate policy limits would be justified in the event that plaintiffs had begun repairs following one occurrence and then suffered additional damage in the second. Here, however, plaintiffs have admitted that they made no repairs to the dwelling. Accordingly, holding UPC liable for two policy limits covering the same dwelling would amount to exemplary

---

[9] *Id.* p. 96.
[10] *Id.*
[11] Defendant's exhibit 3, June 30, 2021 letter by Blake Belaire.
[12] Defendant's exhibit 4, email from Thompson to Belaire.

> damages. Plaintiffs already have such a remedy available under Louisiana Revised Statutes §§ 22:1892 and 22:1973, and the motion must be granted in this regard.

*Touchet v. UPC*, 2022 WL 710621, at *2 (W.D. La. Mar. 9, 2022); accord *Schumacher v. UPC*, No. 2:21-cv-1435, Doc. 40 (W.D. La. Aug. 15, 2022).

See also *Alpha Dev. Grp. LLC v. Liberty Mut. Ins. Co.*, wherein the court held that "in the absence of any claim for repairs made under Laura coverage that must have been redone due to damage caused by Delta, there is no basis for doubling policy limits or otherwise attempting to segregate the damages at this time." No. 2:21-CV-00991, 2022 WL 6850097, at *3 (W.D. La. Oct. 11, 2022).

Here, there is no evidence that repairs were made under Hurricane Laura coverage that were subsequently damaged by Hurricane Delta. Plaintiff argues that because there was further damage to the Church's properties after Hurricane Delta, the Church should be able to recover insurance proceeds, even if those damages are determined to be *de minimis*. The Court agrees that additional damage would be covered, but does not agree that two policy limits would apply.

Accordingly, holding CM liable for two policy limits covering the same dwelling would amount to exemplary damages. Plaintiffs already have such a remedy available under Louisiana Revised Statutes §§ 22:1892 and 22:1973; as such, the motion will be granted to that extent. However, Plaintiff will be able to submit evidence to the jury of the additional damage caused and/or exacerbated by Hurricane Delta.

## **CONCLUSION**

For the reasons set forth herein, Church Mutual's Motion for Partial Summary Judgment on Hurricane Delta Claims" (Doc. 48) will be granted in part and denied in part. The motion will be granted to the extent that Plaintiffs will be prohibited from recovering two policy limits, but denied to the extent that Plaintiffs will be permitted to submit to the jury any additional damages caused and/or exacerbated by Hurricane Delta.

**THUS DONE AND SIGNED** in Chambers on this 23rd day of June, 2023.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**