UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **FIRST ASSEMBLY OF GOD CHURCH INC OF LEESVILLE L** | **CASE NO. 2:21-CV-00378** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO S I** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Church Mutual's Motion to Compel and Extend 30(b)(6) Deposition of First Assembly of God Church, Inc. of Leesville, Louisiana, Motion for Leave to Extend Number of Depositions Under Rule 30 and Motion to Continue Trial" (Doc. 56).

## INTRODUCTION

The instant lawsuit involves Plaintiff, First Assembly's claims for damage because of Hurricanes Laura and Delta.[1] First Assembly is seeking additional insurance proceeds and extra-contractual damages as a result of both hurricanes.[2] First Assembly is also seeking penalties and attorney fees pursuant to Louisiana Revised Statutes 22:1892 and 1973.

The trial of this matter was previously set for September 6, 2022, but was continued at the request of Church Mutual (also referred to as "CM"),[3] and is now reset for July 17, 2023.

---

[1] Amended Complaint, ¶ 41.
[2] *Id.*
[3] See Doc. 27.

Church Mutual properly noticed the 30 (b)(6) deposition of First Assembly and noted the topics to be discussed. At the deposition of Pastor Jack Osteen, Plaintiff's counsel advised that Mr. Osteen would only be testifying for a select number of topics. Plaintiff's counsel failed to designate or have available witnesses for the remainder of the topics. In addition, Plaintiff produced additional documents on a thumb drive at the deposition. Church Mutual complains that many of the topics could not be addressed and the documents produced on a thumb drive provided no benefit for the defense to review while deposing Mr. Osteen.

## **LAW AND ANALYSIS**

Church Mutual moves the Court to allow more than ten (10) witnesses due to the complexity of this matter, Plaintiff's lack of opposing Church Mutual's intention to depose more than ten witnesses, and to cover topic areas not covered in Pastor Osteen's 30(b)(6) deposition. Church Mutual also requests to extend the 30(b)(6) deposition because Plaintiff failed to produce a witness who could testify as to numerous topics. Finally, Church Mutual is requesting that the Court continue the trial of this matter because the defense firm has other trials scheduled at or near the July 17, 2023 trial of this matter.

First, Plaintiff opposes extending the 30(b)(6) deposition beyond 1.5 hours as permitted under Rule 30 of the Federal Rules of Civil Procedure. Next, Plaintiff opposes allowing Church Mutual to take any additional witnesses (beyond the 10-person limit in Rule 30). Plaintiff argues that Church Mutual should have done a better job choosing who it would depose. Plaintiff also contends that the witnesses would only provide information

that has already been provided through other sources. Finally, Plaintiff argues that the burden and expense of this information greatly outweighs its likely benefit.

Church Mutual maintains that the deposition of Jon Bush and Mersa Austin is necessary because Ms. Austin was interviewed by Plaintiff's alleged expert Rick Nelson which assisted Mr. Nelson in forming the basis of his opinion. Jon Bush was the former principal of the school and was charged with the bookkeeping and general maintenance of the school.

Plaintiff contends that the information these witnesses would provide is duplicative of what was established through the deposition testimony of Pastor Osteen and Shirley Houin. In addition, Mr. Bush is no longer employed by the Plaintiff and currently resides in Indiana, and Ms. Austin cannot be located.

Church Mutual informs the Court that it has served Mr. Bush with a subpoena seeking his deposition via zoom at a local court reporter near him and said deposition is scheduled for June 22, 2023. Considering the complexity of this case, the Court will allow Church Mutual to depose both Mr. Bush and Ms. Austin and exempt them from Rule 30. However, to the extent these witnesses are outside the subpoena power of the Court, counsel for Church Mutual must coordinate their testimony. Furthermore, Plaintiff is to make every reasonable attempt to locate Ms. Austin, including but not limited to, providing CM within three (3) days of this Memorandum Order, with any information they have as to Ms. Austin's last known whereabouts.

Church Mutual also sought the deposition of Klaus Hecht who is the head maintenance person of First Assembly; Plaintiff has offered Mr. Hecht as a 30(b)(6)

representative for the Church's maintenance history. Again, due to the complexity of this case, the Court will allow Church Mutual to depose Mr. Hecht and exempt him from Rule 30. CM will be allowed a full 7 hours to depose Mr. Hecht and if the deposition has not been scheduled, the parties are to communicate with one another and select a date, time and place within three (3) days of this Memorandum Order.

Concerning Joel Moore, CM informs the Court that Plaintiff has designated Mr. Moore as an expert, but has provided no information in the disclosure regarding who Mr. Moore is or how he is involved. Plaintiff states that Mr. Moore had a limited role in the appraisal process. As such, CM will be allowed to depose Mr. Moore, and Plaintiff shall provide CM three (3) available dates within 3 days of this Memorandum Order.

CM seeks to depose a representative of Mooring Construction ("Mooring"). Plaintiff informs the Court that CM has been in possession of Mooring's invoices and reports, thus the requested deposition is not necessary. Mooring provided mitigation work at the facility and performed inspections of the property with the insured and other parties. CM remarks that Mooring and/or its representatives are knowledgeable about the areas of the building that allegedly sustained water damage, which is a major issue in this matter. The Court will allow CM to depose one (1) representative from Mooring and exempt that witness from Rule 30. However, CM will be responsible for coordinating the deposition. The parties will communicate with one another and choose a date, time, and place for the deposition to take place within three (3) days of this Memorandum Order.

Finally, CM requests to depose Chad Hebert, as a representative of Hero Construction to discuss the invoices and repair work. As of the date the instant motion was

filed, Mr. Hebert has not provided a date for the deposition, allegedly because he is waiting on Plaintiff's counsel. The Court will allow CM to depose Mr. Hebert. Counsel for Plaintiff will communicate with Mr. Hebert and advise him to make himself available for the deposition, and also communicate with CM within three (3) days of this Memorandum Order to select a date, time and place for the deposition to be held.

Finally, the Court will not grant a continuance of the trial of this matter. It has already been continued once, and the three-year anniversary of Hurricane Laura is fast approaching. The parties are to work together to comply with this Court's Order and make every attempt to arrange and conduct the above stated depositions. Accordingly,

**IT IS ORDERED** that the Motion to Continue Trial is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Extend the 30(b)(6) deposition is **GRANTED:** Church Mutual will be allowed a full 7 hours to depose Mr. Hecht and if the deposition has not been scheduled, the parties are to communicate with one another within three (3) days of this Memorandum Order and select a date, time and place for the deposition to be held. Church Mutual will be allowed to depose both Mr. Bush and Ms. Austin and exempt them from Rule 30. However, to the extent these witnesses are outside the subpoena power of the Court, counsel for Church Mutual must subpoena the witness. Furthermore, Plaintiff is to make every reasonable attempt to locate Ms. Austin, including but not limited to, providing Church Mutual within three (3) days of this Memorandum Order, any information they have as to Ms. Austin's last known whereabouts; Church Mutual will be allowed to depose Mr. Moore, and Plaintiff shall provide Church Mutual three (3) available dates within 3 days of this Memorandum Order; CM will be allowed to

depose one (1) representative from Mooring, and exempt that witness from Rule 30. However, CM will be responsible for coordinating the deposition. The parties will communicate with one another within three (3) days of this Memorandum Order and choose a date, time, and place for the deposition to take place; CM will be allowed to depose Mr. Hebert. Counsel for Plaintiff will communicate with Mr. Hebert and advise him to make himself available for the deposition, and also communicate with CM within three (3) days of this Memorandum Order to select a date, time and place for the deposition to be held.

  **THUS DONE AND SIGNED** in Chambers on this 23rd day of June, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

.