UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| FIRST ASSEMBLY OF GOD CHURCH INC OF LEESVILLE | CASE NO. 2:21-CV-00378 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| CHURCH MUTUAL INSURANCE CO S I | MAGISTRATE JUDGE KAY |

**MEMORANDUM ORDER**

Before the court is a Motion to Compel, Motion for Sanctions, and Motion in Limine [doc. 109] filed by defendant Church Mutual Insurance Company SI, with request for expedited consideration. Plaintiff First Assembly of God Church of Leesville opposes the motion. Doc. 110.

I.
BACKGROUND

This suit arises from damage to plaintiff, a church located in Leesville, Louisiana, in Hurricanes Laura and Delta. At all relevant times the church was insured under a policy issued by Church Mutual. Plaintiff alleges that Church Mutual failed to timely or adequately compensate it for covered losses, and filed suit in this court on February 11, 2021. Doc. 1. The matter was previously set for jury trial before the undersigned on July 17, 2023, but was continued at the pretrial conference to November 13, 2023, due to plaintiff's failure to turn over invoices for completed repair work during discovery. Docs. 35, 97. With that continuance the court ordered plaintiff to provide Church Mutual with

"all documents, invoices, etc. for the completed repair work on the Church" by July 24, 2023. Doc. 97.

Church Mutual now brings this Motion to Compel, Motion in Limine, and Motion for Sanctions [doc. 109], arguing that plaintiff has still failed to produce adequate documentation of its repair work and costs. It also notes that documents produced by plaintiff's contractor[1] in response to Church Mutual's subpoena lacked supporting documentation on the scope or cost of repair work, referenced invoices from subcontractors that have never been produced, and/or were merely receipts not tied to any specific invoice and with no documentation as to the related work. Given the $4.5 million in repairs claimed by plaintiff, Church Mutual argues that the documentation produced is wholly inadequate and prejudices its right to prepare a defense. Accordingly, it seeks a continuance and/or expedited production. Plaintiff maintains that it has no further responsive documents, that the records it has produced are sufficient to support its claims, and that Church Mutual has manufactured the need for any continuance by waiting until one month before trial to note deficiencies with its production.

---

[1] Church Mutual also shows that plaintiff entered into a "Conditional Assignment" wherein it "irrevocably, albeit conditionally, assigns, and unconditionally contractually subrogates" to its contractor, Hero Design & Construction, LLC ("Hero"), "any and all of Property Owner's post-loss rights, benefits, title, interest and proceeds to which Property Owner may be entitled under Property Owner's property and casualty insurance policy . . . up to the total amount of all monetary obligations owing by Property Owner to the Service Provider under and in connection with the Principal Agreement." Doc. 106, att. 6. Church Mutual argues that the Principal Agreement has never been produced and that it is thus unknown whether plaintiff has a claim remaining in this matter and/or whether Hero should also be a party to the suit.

## II.
## LAW & APPLICATION

### A. Governing Law

Federal Rule of Civil Procedure 26(b) defines the scope of discovery as follows:

> Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). Under Rule 37(a)(2)(B) as well as Local Rule 37.1, a motion to compel must be accompanied by a certification that the parties have conferred or attempted to confer in good faith as to the matters in dispute. *Johnson v. Coca-Cola Enterps.*, 2006 WL 1581218, at *1 (W.D. La. June 6, 2006). Failure to comply with this requirement serves as grounds for denying the motion. *Id.* However, in circumstances where the discovery may impact pending deadlines, the certification requirement "has been sacrificed to achieve pragmatic ends such as 'judicial efficiency.'" *J.M. Smith Corp. v. Ciolino Pharm.*

*Wholesale Distrib., LLC*, 2012 WL 13001456, at *2 (E.D. La. Dec. 28, 2012) (citing *Stewart v. Women in Comm'ty Serv., Inc.*, 1998 WL 777997, at *1 (D. Nev. Oct. 7, 1998)).

### B. Application

Plaintiff maintains that its counsel made clear during an inspection of the church on September 19, 2023, "that to the extent any 'supporting documents' may exist, they likely would be in the possession of the vendors identified in the subpoena production." The court's order at the pretrial conference, however, made clear that plaintiff was responsible for producing these documents by July 24 with no distinction as to who currently possessed them. Accordingly, plaintiff must locate the responsive documents and provide them to defendant. Plaintiff will also be required to pay defendant's costs and attorney fees incurred with the instant motions. Any documents not produced to defendant by October 13, 2023, may not be used at trial, and defendant's deadline for filing a motion in limine will be extended.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Compel, Motion for Sanctions, and Motion in Limine [doc. 109] are **GRANTED**. Plaintiff is hereby **ORDERED** to produce any remaining supporting documentation for repair work to defendant by October 13, 2023, and will be prohibited from using any documentation not produced by this date at trial. Defendant's deadline for filing a motion in limine relating to scope of work and/or any additional documents produced by October 13 is **EXTENDED** to October 20, 2023. Defendant is directed to submit a statement of its costs and attorney fees incurred with filing these motions within seven days of the docketing of this order.

**THUS DONE AND SIGNED** in Chambers on October 10th, 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**