UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**FIRST ASSEMBLY OF GOD CHURCH INC OF LEESVILLE L**           **CASE NO. 2:21-CV-00378**

**VERSUS**                                                    **JUDGE JAMES D. CAIN, JR.**

**CHURCH MUTUAL INSURANCE CO S I**                            **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

This matter was tried before a jury from November 13, 2023, through November 17, 2023. The jury unanimously reached a verdict and found that an additional $4,791.911.28 was owed to Plaintiff, First Assembly of God church Inc. of Leesville ("First Assembly") and against Church Mutual Insurance Co. S I ("Church Mutual"). The jury also unanimously found that the following payments were late and that Church Mutual's untimely payments were arbitrary, capricious, or without probable cause:

| Date | Amount of Payment |
|---|---|
| 10/12/2020 | $ 94,392.76 |
| 11/17/2020 | $  1,410.80 |
| 11/19/2020 | $100,000.00 |
| 01/27/2021 | $200,407.46 |
| 11/23/2021 | $ 15,701.58 |
| 11/23/2021 | $    432.12 |
| TOTAL | $412,344.72 |

The jury found that Church Mutual made payments that were untimely for a total amount of $412,344.72 and the additional payment of $4,791.911.28 was not within thirty days of satisfactory proof of loss. Additionally, such failure to timely pay was arbitrary, capricious, and without probable cause. The Court ordered the parties to submit post-trial briefs as to the penalties, attorney fees, and costs.

*Penalties*

Louisiana Revised Statute 22:1892 mandates a 50% penalty as to any payment not made within 30 days after receipt of satisfactory proof of loss if such failure to pay was arbitrary, capricious, and without probable cause.  Consequently, the Court calculates the penalties as follows:

| | |
|---|---|
| Untimely payments: | $ 412,344.72 |
| Untimely additional payment: | $4,791,911.28 |
| Total Untimely Payments: | **$5,204,256.00** |
| | **X   .50** |
| **STATUTORY PENALTY** | **$2,602.128.00** |

*Attorney fees*

Louisiana Revised Statute § 22:1892(B)(1)(a) provides that if the payments are found to be untimely and arbitrary, capricious, and without probable cause, the Plaintiff is entitled to reasonable attorney fees and costs. Reasonable attorney fees can be calculated multiple ways and should be calculated on a case-by-case basis.  The Court notes that attorney fees can be calculated based on the lodestar formula or based on a contingency fee, if applicable. Here, First Assembly executed a contingency fee contract, which

provided for a 40% contingency fee. This fee also covers appeals.[1] First Assembly cites supportive authority that a 40% contingency fee is reasonable. The Court notes that this case was tried for five days and involved extensive discovery, many experts,[2] numerous depositions,[3] voluminous exhibits, and an extensive motion practice.

In deciding the reasonableness of attorney fees, a court should consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430, 130 S.Ct. 1933, 1938 (1983) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)).

Having presided over this five-day trial, the undersigned observed the extraordinary time and labor involved in litigating this matter. During the trial, First Assembly was represented by four (4) attorneys who successfully persuaded an unanimous jury to reach a very favorable judgment; additionally, Defendant was represented by four attorneys. The undersigned observed the skill and knowledge of counsel that was presented during the trial. Additionally, First Assembly has cited to cases wherein the courts granted the plaintiff a 40% attorney award on a contingency fee contract. See *Richards v. Louisiana Citizens*

---

[1] Plaintiff's exhibits 4 and 5.
[2] Church Mutual alone had 8 experts.
[3] 23 depositions in all.

*Prop. Ins. Corp.*, 623 F.3d 241, 244 (5th Cir. 2010); *Hermes Health All., LLC v. Certain Underwriters at Lloyd's, London*, 2022 WL 1154820, at *7 (E.D. La. Apr. 19, 2022).[4] The *Hermes* court noted that "the contingency fee agreement is a binding obligation for attorney's fees and [sic] so long as it does not run afoul of Rule 1.5 of the Rules of Professional Conduct, which prohibits an unreasonable fee." *Id.* at *6. However, considering the total amount of the jury verdict award, the Court finds that a 30% attorney fee award is reasonable. and calculates it as follows:

| | |
|---|---|
| Additional damage award | $4,791,911.28 |
| Statutory Penalty | $2,602,128.00 |
| Total Loss and Penalty | $7,394,039.28 |
| Contingency Fee | X33.3% |
| **TOTAL ATTORNEY FEE** | **$2,464,443.29** |
| **TOTAL AWARD** | **$9,858,472.48** |

The costs will be assessed in a later ruling; The Court will enter judgment in favor of First Assembly of God Church Inc. of Leesville and against Church Mutual Insurance Company, S I for a total award of **$9,858,472.48**

**THUS DONE AND SIGNED** in Chambers on this 20th day of December, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[4] The *Hermes* court remarked that a 40% contingency fee was typical for a case in a lawsuit where a trial had been scheduled.